# Historical Pageant Association of the City of Philadelphia, Appellant, *v.* Philadelphia.

*Contracts—Municipalities—Cities of the first class—Historical pageant—Appropriations of money to private organizations—Consideration—Moral obligation—Insufficiency—Judgment for defendant n. o. v.*

In an action against a city of the first class to recover a sum of money which had been appropriated by ordinance to pay a deficit incurred by a corporation which had produced a historical pageant, it appeared that the corporation had been organized to give a series of pageants illustrating the history of the city; that seats were sold and contributions made by private citizens; that the public was admitted free to a portion of the audience space and the privilege for occupying the balance was paid for; there was no element of

gain in the enterprise; it further appeared that the corporation was formed and the enterprise conducted without official sanction of the city councils. *Held,* the project was not municipal in character and the appropriation cannot be sustained on the ground of moral obligation, the entertainment not having been authorized in advance by councils, and judgment was properly entered for the defendant *non obstante veredicto.*

Argued Jan. 18, 1918.   Appeal, No. 262, Jan. T., 1917, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., March T., 1916, No. 2848, for defendant n. o. v., in case of Historical Pageant Association of the City of Philadelphia   v.   The City of Philadelphia.   Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER and WAL-LING, JJ.   Affirmed.

Assumpsit for a sum of money appropriated to plaintiff by an ordinance of city councils.

FERGUSON, J., filed the following opinion:

This is an action against the City of Philadelphia to recover the sum of $10,000, the amount appropriated to the plaintiff by an ordinance of councils of Philadelphia, and for which a warrant was duly issued and signed by the proper officers, but not countersigned by the controller.   The warrant was afterwards cancelled and destroyed and the amount appropriated transferred to one of the other departments of the city.   There was no issue of fact in the case and a verdict was rendered for the plaintiff.   A motion for judgment for the defendant non obstante veredicto has been taken on the ground that the appropriation was invalid.

We see no distinction in principle between this case and Blankenburg v. City of Philadelphia, 20 Pa. Dist. Reports 531.   In the case at bar a meeting of citizens was held in the office of the mayor, at which it was decided to give a series of historical pageants.   As a matter of convenience a corporation was formed, The Historical Pageant Association, which is the plaintiff in this proceeding.   This corporation conducted a series of brilliant

pageants in Fairmount Park in the year 1912. Its object was the education of the citizens in the history of the City of Philadelphia and the encouragement of civic pride and patriotism. Stands were erected containing reserved seats, which were sold, and contributions were made by private citizens. The public was admitted free to a portion of the audience space. There was no element of gain in the enterprise.

The entertainment was a very expensive one. The amounts received from the sale of seats, from contributions and from other sources were over $105,000, but at the conclusion of the entertainment there was a deficit of approximately $15,000. When the deficit was discovered an ordinance was introduced into the councils which was passed by the requisite two-thirds vote and duly approved by the mayor.

In our opinion the appropriation was invalid. The efforts of the incorporators were praiseworthy and generous and an instructive entertainment was provided for those citizens who had opportunity to attend the pageant. Notwithstanding these facts, we think it was not a municipal enterprise. The City of Philadelphia as a municipality received no benefit. In the nature of things it was possible for only a limited number of citizens to witness the entertainment. Many of these paid for the privilege and others obtained the privilege without cost. The vast body of the citizens received no benefit whatever.

If the municipality by appropriate ordinance had provided for this entertainment and the expense had been incurred then a moral obligation to pay might have existed sufficient to sustain the ordinance, even though it could be argued that the function was not municipal in character, but the corporation that was formed conducted the enterprise without official sanction of the councils of Philadelphia. Had the receipts from the sale of seats and from other contributions been sufficient to discharge their obligations the affair would not have been a municipal affair in any sense. Unfortunately

Opinion of Court below—Opinion of the Court. [260 Pa.

there was a deficit. The appropriation under these circumstances cannot be sustained upon the ground of moral obligation. Judgment for defendant non obstante veredicto must therefore be entered.

The trial judge directed a verdict for plaintiff for $12,150. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in directing a verdict for defendant.

*Frank P. Prichard,* of *Prichard, Saul, Bayard & Evans,* for appellant.

*Ernest Lowengrund,* with him *M. J. McEnery,* Assistant City Solicitor, and *John P. Connelly,* City Solicitor, for appellee.

PER CURIAM, March 4, 1918:

The judgment in this case is affirmed on the opinion of the learned court below upon which it was entered.